## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) | Civil Action |
| CBDE PUBLIC SCHOOLS, | ) | No. |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| MASSACHUSETTS BUREAU OF | ) |  |
| SPECIAL EDUCATION APPEALS, | ) |  |
| JANE and JOHN DOE, as Parents and | ) |  |
| Next Friends of JILL DOE, a Minor, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## VERIFIED COMPLAINT

1.    The CBDE Public Schools (CBDE) is aggrieved by the February 24 and April 28,

2011, decisions of the Massachusetts Bureau of Special Education Appeals (BSEA) denying

CBDE's motions to dismiss the BSEA proceedings despite the fact that all substantive

educational issues have been resolved and there is no further remedy available to Jane and John

Does, as Parents and Next Friends of Jill Doe, a Minor. Jane, John, and Jill Doe are pseudonyms

being used to protect Jill's privacy.

2.    This Court has jurisdiction over this matter pursuant to 20 U.S.C. §1415(f)(2)(A).

3.    CBDE is a public school district established pursuant to the laws of the

Commonwealth of Massachusetts which provides public school education to children residing in

the Town of CBDE. Its administrative offices are located in a town within the jurisdiction of the

Eastern Division of this Court. The pseudonym CBDE was first used by the BSEA hearing

officer to protect Jill's privacy.

4.    The BSEA is an administrative body within the Division of Administrative Law

Appeals and is located at 75 Pleasant Street in Malden, Massachusetts. The BSEA conducts

mediations and hearings to resolve disputes among parents, school districts, private schools and

state agencies concerning eligibility, evaluation, placement, individualized education programs

(IEPs), special education services, and procedural protections for students with disabilities.

5.      John and Jane Doe are the parents of Jill Doe, a minor. The Does reside in

CBDE, Massachusetts, and Jill Doe is enrolled in the CBDE schools. Jill Doe attended CBDE

High School, but is currently enrolled in a residential therapeutic placement where she was

placed by CBDE pursuant to a fully-accepted Individualized Education Program (IEP).

6.      John and Jane Doe filed a request for hearing at the BSEA on or about April 23,

2010, seeking an appropriate educational placement for their daughter Jill, reimbursement for any

unpaid expenses arising out of her placement in a residential facility following two

hospitalizations for severe emotional trauma, and for an evidentiary hearing to comply with

exhaustion of remedies requirements before filing suit against CBDE and a number of

individuals for the harm she suffered as a result of the trauma she sustained due to the conduct of

a school employee and CBDE's alleged failure to request consent to evaluate her and identify her

as a child eligible for a 504 plan and/or special education services. A copy of the redacted

hearing request is attached hereto as Exhibit A and is incorporated herein by reference.

7.      In their hearing request, the Does, including Jill's siblings, asserted that they are

seeking "monetary damages under Section 504 of the Rehabilitation Act of 1983 (Section 504),

the Americans with Disability Act (ADA), 42 USC 1983, Article 114 of the Massachusetts

Constitution, the Massachusetts Civil Rights Act, Title IX of the Education Act Amendments or

- 2 -

1972 (20 USC 1681)(Title IX) and loss of consortium, for the rape, hostile educational environment, Loss of consortium and negligence…and punitive damages…"

8.　　While the BSEA proceeding was pending, the Does and CBDE resolved the issue of Jill's eligibility for special education services, and CBDE placed Jill in a therapeutic residential facility and began providing her with special education services pursuant to an IEP signed and approved by her parents.

9.　　On or about May 3, 2010, CBDE filed its response to the Does' hearing request, including a motion to dismiss all the claims which had nothing to do with eligibility for special education, special education services, and or placement.

10.　　Thereafter, the parties focused first on providing Jill with necessary services and finding an appropriate placement. After the Does filed their request for hearing, but before any hearing was held, the parties resolved all the issues of identification, evaluation, and placement. First, parents consented to 45-day extended evaluation in a residential facility and thereafter, CBDE proposed and Jill's parents assented to Jill's placement in the therapeutic residential placement where she remains today.

11.　　The Does had no expenses to reimburse and they made no claims for compensatory relief, so after the parties agreed to an IEP and placement, no educational issues remained unresolved and there were no educational damages to address.

12.　　On January 18, 2011, CBDE moved to dismiss the Does' request for hearing at the BSEA because: (1) the first request for relief was moot since Jill was receiving services pursuant to a fully-accepted IEP and a therapeutic, residential placement, there were no unpaid expenses to reimburse, and the Does did not request compensatory services; and (2) parents'

second request for relief failed to state claims upon which relief could be granted and/or did not require exhaustion because no educationally-based claims remained to be determined.

13.     On February 24, 2011, the BSEA hearing officer issued his decision on CBDE's motion to dismiss. A copy of his Ruling on CBDE's Public Schools' Motion to Dismiss is attached hereto as Exhibit B and is incorporated herein by reference.

14.     The hearing officer found that all the Doe's substantive educational claims had been resolved and should be dismissed. He also determined that the BSEA "must make findings of fact regarding some, but not all, of Parents' Damages claims. Ex.B, p.1. Although he found that the Does' prospective educational claims were dismissed because Jill's parents fully consented to Jill's IEP and that "they do not seek any compensatory educational relief," he determined that he "must conduct an administrative hearing and make findings of fact regarding Parents' damages claims under the IDEA and Section 504" and "determine whether CBDE violated Student's rights under "child find" provisions of the IDEA (including any other denial of FAPE) and Student's rights under Section 504." Ex.B., p.9. He further determined that "[t]o the extent any of 'Student's special education or Section 504 rights were violated,...it will be necessary to find facts sufficient to determine the nature and extent of any educational harm that inured to Student as a result of the violations...comparable to the fact finding that would occur if this were a compensatory education dispute." Ex.B.,p.12.

15.     The Does' hearing request did not seek money damages for any IDEA violation and the IDEA does not permit an award of money damages.

16.     Since "all of the past and prospective special education claims appearing in Parents' hearing request have been resolved," there are no longer any remedies available to the

- 4 -

Does under the IDEA or Section 504 of the Rehabilitation Act which they can obtain from the BSEA because all the educational issues were resolved since Jill is being provided special education services at a therapeutic residential placement pursuant to a fully-accepted IEP, there are no unreimbursed expenses the BSEA can direct CBDE to pay, and the Does did not ask for compensatory educational services.

17.     Because the Does have already received all the relief to which they would have been entitled to receive from the BSEA, there are no further administrative remedies available and the Does have exhausted their administrative remedies.

18.     On April 4, 2011, CBDE filed a motion for leave to take Jill's deposition and the deposition of any expert the Does intended to call as a witness at the hearing for discovery purposes and not to preserve testimony in lieu of oral testimony at hearing because the sole reason for the BSEA hearing is to find facts to be used in subsequent litigation against CBDE and individuals who are not parties to the BSEA proceeding. The BSEA hearing rules and Massachusetts administrative procedure regulations permit depositions only if the parties agree to use the deposition in lieu of oral testimony at the hearing.

19.     On April 5, 2011, CBDE filed its Second Motion to Dismiss seeking to have what remained of the case after the BSEA's February 24, 2011, Ruling dismissed on the grounds that "the administrative remedies afforded by…IDEA are inadequate given the relief sought and the Does had already exhausted their administrative remedies. Following a conference call with the parties' attorneys on April 6, 2011, the hearing officer issued an order giving CBDE until April 15, 2011, to file supplemental arguments in support of its motion to dismiss to address the hearing officer's concerns in light of case law concerning the exhaustion of administrative

- 5 -

remedies. With its order, the hearing officer provided his draft statement of issues to be considered in a fact-finding hearing. A true and correct copy of the BSEA's April 6, order and draft issues are attached hereto as Exhibits C and D respectively, and are incorporated herein by reference.

20.     As expected, the BSEA denied CBDE's motion for leave to take depositions because the BSEA hearing rules and Massachusetts' administrative procedure regulations permit depositions only if they are to be used in lieu of oral testimony at the hearing. A true and correct copy of the BSEA's order is attached hereto as Exhibit E and is incorporated herein by reference.

21.     CBDE filed its supplemental memorandum as required, and on April 21, 2011, moved for leave to file a second supplemental memorandum to call two additional cases to the hearing officer's attention. On April 25, 2011, CBDE filed its objections to hearing officer's draft factual issues, reiterating, *inter alia*, its argument that the administrative remedies have been exhausted and citing yet two more cases supporting the conclusion that the Does had exhausted their administrative remedies. A true and correct copy of CBDE's objections to the hearing officer's issues is attached hereto as Exhibit F and is incorporated herein by reference.

22.     Although CBDE asked for an opportunity to present oral argument in support of its second motion to dismiss and its objections to the hearing officer's statement of factual issues to be addressed at the hearing, the hearing officer determined that further argument was unnecessary. A true and correct copy of the hearing officer's April 26, 2011, order is attached hereto as Exhibit G and is incorporated herein by reference.

23.     The BSEA denied CBDE's Second Motion to Dismiss on April 28, 2011. A true and correct copy of the Ruling denying CBDE's motion is attached hereto as Exhibit H and is

incorporated herein by reference. A true and correct copy of the hearing officer's final Statement of Issues to Be Addressed at Hearing is attached hereto as Exhibit 1 and is incorporated herein by reference.

24.     Conducting a hearing in this matter where all educational issues have been resolved and there is no relief available under the IDEA prejudices CBDE by: (1) depriving it of a jury trial, the protections of the rules of evidence, and the ability to conduct depositions for discovery purposes and to assist in trial preparation; (2) wasting its resources by forcing it to prepare for and participate in a hearing when it has already completely resolved the educational issues by providing Jill with a fully-accepted IEP and placement in a therapeutic, residential facility where intensive services are being provided to bring Jill to the place where she would have been if CBDE had evaluated her sooner; (3) depriving it and its educational professionals of the benefit of its own efforts in formulating a plan to overcome the consequences of educational shortfalls; and (4) unnecessarily subjecting CBDE to a potential claim for attorneys' fees under 42 U.S.C. §1415(i)(3)(B)(i)(I) in the event the Does succeed in obtaining any factual ruling in their favor. Conducting a hearing in this matter solely because the Does intend to file suit for damages and not for any educational relief also prejudices the Town and the individuals the Does intend to sue who are not parties to or represented in the BSEA proceeding.

25.     Although the proposed hearing is for the sole purpose of developing a record to be used in a future court proceeding, CBDE is further prejudiced by the fact that its counsel fees and ultimately, any award of attorneys' fees to the Does are not covered by CBDE's liability coverage. While CBDE's insurer will defend against and pay covered damages sought in a suit, an administrative hearing is not covered even if it is held solely because the parents/student

involved intend to file suit. The expense of preparing for and participating in the proposed
hearing must be borne by CBDE.

26.     Granting injunctive relief will not prejudice the Does because they will have an
opportunity to present evidence on all non-substantive educational issues at trial in this court and
it will not prejudice the BSEA which will save its valuable resources to be applied to other
pending matters.

27.     Granting injunctive relief advances the public interest by avoiding the waste of
resources inherent in having a school district prepare for and participate in a hearing when it has
already resolved the educational disputes and in having the BSEA conduct a hearing and
ultimately render a decision finding facts which should be reserved for the jury, and it fosters the
goal of encouraging educational professionals to resolve educational disputes and formulate a
plan to over-come the consequences of educational short falls as CBDE did in this case.

        WHEREFORE, CBDE prays that this Honorable Court:

1.      issue a temporary restraining order restraining and enjoining the BSEA from
        conducting the proposed fact-finding hearing on June 1, 2, 7, and 8;

2.      issue a preliminary injunction restraining and enjoining the BSEA from
        conducting the proposed fact-finding hearing on June 1, 2, 7, and 8 or at any other
        time;

3.      determine that the Does have exhausted their administrative remedies to the extent
        possible given their hearing request or, alternatively, that exceptions to exhaustion
        apply; and

4.      issue a permanent injunction restraining and enjoining the BSEA from conducting

the proposed fact-finding hearing at any future time;

5.     award CBDE its costs and reasonable fees; and

6.     grant such further relief as the Court deems proper.

DATED at Quincy, Massachusetts this 16th day of May, 2011.

> CBDE Public Schools
> By its attorney,
>
> Doris R. MacKenzie Ehrens
> BBO # 544252
> MURPHY, HESSE, TOOMEY & LEHANE, LLP
> 300 Crown Colony Drive, Suite 410
> Quincy, MA 02269-9126
> (617) 479-5000

## VERIFICATION[1]

I, _____, Superintendent of Schools of the CBDE Public Schools

Public Schools, certify that I have read the foregoing Verified Complaint and that the facts

contained therein are true and correct based upon my own personal knowledge and/or upon

information and belief based upon information and documents available to me in my official

capacity as the Superintendent of Schools of the CBDE Public Schools.

Signed under the pains and penalties of perjury this ___[th] day of May, 2011.

> /s/
> _____
> Superintendent of Schools

---

1 The original Verification with the Superintendent's name and signature is being filed separately since the identity of the superintendent could reveal the identity of the school district which could, in turn lead to revealing the identity of the minor child.